UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CIFUENTES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEVA LOGISTICS U.S., INC.,<br><br>Defendant. | Case No.: 16-CV-01957-H-DHB<br><br>**ORDER:**<br><br>**(1) CERTIFYING CLASS FOR SETTLEMENT PURPOSES;**<br><br>**(2) PRELIMINARILY APPROVING CLASS SETTLEMENT;**<br><br>**(3) APPROVING CLASS NOTICE; and**<br><br>**(4) SCHEDULING FINAL APPROVAL HEARING**<br><br>[Doc. No. 16] |

On May 5, 2017, Plaintiff William Cifuentes filed an unopposed motion seeking provisional class certification, preliminary approval of a proposed class settlement, approval of a proposed dissemination of class notice, and a final approval schedule. (Doc No. 16.) The Court held a hearing on the matter on June 12, 2017. Joshua Konecky appeared for Plaintiff. Nicole E. Forde appeared for Defendant. For the following reasons

the Court grants Plaintiff's motion and sets a schedule for further proceedings.

## **Background**

### A.  Factual and Procedural Background

This is a wage and hour class action filed on behalf of all individuals who have performed one or more deliveries in California for Defendant CEVA Logistics U.S., Inc., while being classified as an independent contractor, no more than four years prior to the filing of the Complaint. (Doc. No. 1.) Defendant is a delivery company headquartered in Jacksonville, Florida, and engages in delivery services in California. (Id. ¶ 10.) Plaintiff claims that Defendant improperly categorized class members as independent contractors, rather than as employees, and as a result denied them the rights and protections afforded by the California Labor Code. (Id. ¶ 2.) Additionally, Plaintiff claims that Defendant failed to make meal and rest periods available to class members; did not provide accurate, itemized wage statements; and failed to reimburse class members for reasonable business expenses. (Id.) Lastly, Plaintiff claims Defendant failed to compensate class members for all hours worked, overtime, and full wages upon departure from the company as required by California Labor Code §§ 201, 202, and 203. (Id.) Plaintiff seeks compensation, attorneys' fees, and costs. (Id. ¶¶ 3, 5.)

On August 3, 2016, Plaintiff filed a class action complaint against Defendant. (Doc. No. 1.) On October 5, 2016, the Magistrate Judge held an Early Neutral Evaluation (ENE). (Doc. No. 8.) Although a settlement was not reached at the ENE, parameters were set for a private mediation. (Id.) On February 14, 2017, the parties participated in an in-person mediation, at the conclusion of which a mediator's proposal was issued. (Doc. No. 16-4, Konecky Decl. ¶¶ 12-14.) On March 13, 2017, the mediator confirmed that, after significant deliberation, both sides had accepted the mediator's proposal. (Id. ¶ 15.) By the present motion, Plaintiff now seeks approval of the settlement class; preliminary approval of the settlement agreement and class notice; and a scheduling order for further proceedings. (Doc. No. 16.)

///

**B.     Proposed Settlement**

Under the proposed settlement, Defendant will pay $1,750,000 to establish a settlement fund to resolve the litigation. (See Doc. No. 16-5, Konecky Decl. Ex. 1 ("Proposed Settlement").) That amount does not include the employer's share of payroll taxes on any wage payments. (Id. ¶ 51) The settlement will be divided proportionally according to the number of weeks each class member worked. (Id. ¶ 56.) The class members will receive payment from the settlement fund less administrative costs; payments required under the Private Attorney General Act of 2004 ("PAGA"); a reserve fund; Plaintiff's service award; and attorneys' fees and expenses. (Id. ¶¶ 57-61); Cal. Lab. Code § 2699(i). Class members will not have to file claims to receive their payment. (Proposed Settlement ¶ 53(a)-(b).) The PAGA payment will take $87,500 from the settlement fund and set aside 75% of it for the California Labor Workforce Development Agency (LWDA). (Id. ¶ 60.) The reserve fund will consist of 2% of the settlement fund, and will pay for any late or unexpected claims. (Id. ¶ 57.) Additionally, any remaining finances in the reserve fund will be donated to the parties' agreed upon *cy pres* beneficiary, Legal Aid at Work (LAAW). (Id. ¶ 55.) The class representative's service award is $7,500. (Id. ¶ 58.) The parties agreed to a maximum attorney fee award of $583,333. (Id. ¶ 59.) Class members need not submit claims to obtain their settlement check, and notice of the plain terms of the settlement will be sent to class members by first class mail. (Id. ¶ 53(a)-(b).) Class members reserve the right to object to the settlement, or to opt out. (Id. ¶ 53(f)-(g).) None of the fund will revert back to Defendant. (Id. ¶ 54.)

**Discussion**

When the parties reach a settlement agreement prior to class certification, the Court is under an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). Thus, the Court must first assess whether a class exists, and second, determine whether the proposed settlement is "'fundamentally fair, adequate, and reasonable.'" Id.

## I. Class Certification

In the present case, Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3) for purposes of settlement only (Doc. No. 16-1 at 7.) The class includes all individuals who have made at least one delivery in California for Defendant while being classified as an independent contractor, within four years prior to the filing of the Complaint. (Doc. No. 1 ¶ 1.) A plaintiff seeking to certify a class under Rule 23(b)(3) must first satisfy the requirements of Rule 23(a). Fed. R. Civ. P. 23(b); see Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548 (2011). Once subsection (a) is satisfied, the purported class must then fulfill the requirements of Rule 23(b)(3). Id.

### A. Rule 23(a) Requirements

Rule 23(a) establishes that one or more plaintiffs may sue on behalf of class members if all of the following requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a).

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff estimates that the settlement class totals 89 class members. (Doc. No. 16-1 at 7.) Accordingly, the proposed class meets the numerosity prerequisite in this case. See, e.g., Rannis v. Recchia, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members.").

The commonality prerequisite is met if there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2) is construed permissively. Hanlon v. Chrysler Corp.,150 F.3d 1011, 1019 (9th Cir. 1998). "[T]he key inquiry is not whether the plaintiffs have raised common questions, 'even in droves,' but rather whether class treatment will 'generate common answers apt to drive the resolution of the litigation.'" Abdullah v. U.S. Sec. Assoc., Inc., 731 F.3d 952, 957 (9th Cir. 2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Here, there are many questions of law and fact that are common to the class. (See Doc. No. 1 ¶ 2.) Specifically, "whether workers are properly classified as employees or independent contractors is, by itself, a

4

16-CV-01957-H-DHB

factual and legal issue that satisfies [the commonality requirement of] Rule 23(a)." Norris-Wilson v. Delta-T Group, Inc., 270 F.R.D. 596, 604 (S.D. Cal. 2010). Accordingly, the commonality prerequisite is met.

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claims are "'typical' if they are reasonably co-extensive with those of absent class members." Hanlon, 150 F.3d at 1020. Typicality requires that a representative plaintiff "possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 156 (1982). Here, both Plaintiff and the purported class members held the same position and claim the same injury – misclassification as an independent contractor resulting in nonpayment for hours worked, working without rest breaks and meal periods as required by law, and a lack of reimbursements for out-of-pocket expenses. As Plaintiff's claims are reasonably co-extensive with the claims of the absent class members, the typicality prerequisite is met.

Adequacy of representation under Rule 23(a)(4) requires that the class representative be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the plaintiff and class counsel (1) do not have any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d 1020. Here, there does not appear to be any conflicts of interest between Plaintiff and the absent class members. Plaintiff and his counsel have vigorously prosecuted the interests of the class, and class counsel has extensive experience in wage and hour class action litigation. (See Doc. No. 16-4, Konecky Decl. ¶¶ 3-6.) Accordingly, Plaintiff and his counsel are adequate representatives of the proposed class. For the foregoing reasons, Plaintiff has met all of the requirements of Rule 23(a).

**B.     Rule 23(b)(3) Requirements**

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "that a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These factors are referred to as the "predominance" and "superiority" tests. See Hanlon, 150 F.3d at 1022-23. Rule 23(b)(3)'s requirements are designed "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615 (1997) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 23, 28 U.S.C. App., pp. 696-97). If the parties seek to certify a class for settlement purposes, "a district court need not inquire whether the case, if tried, would present intractable management problems for the proposal is that there be no trial." Id. at 620 (internal citations omitted).

**1. Predominance**

The predominance inquiry tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation.'" Hanlon, 150 F.3d at 1022 (quoting Amchem, 521 U.S. at 623). This analysis requires more than proof of common issues of law and fact. Id. Rather, the common questions should "present a significant aspect of the case and . . . be resolved for all members of the class in a single adjudication." Id. (internal quotation omitted). An employer's policy that uniformly applies to class members is a permissible factor for consideration under Rule 23(b)(3). Mevorah v. Wells Fargo Home Mortg. (In re Wells Fargo Home Mortg.), 571 F.3d 953, 957 (9th Cir. 2009).

Here, the significant common issue in this case is whether Defendant misclassified class members as independent contractors instead of employees, which gives rise to other issues of rights for employees under the California Labor Code. (Doc. No. 1 ¶ 2.) Moreover, the legal remedies for the class members are the same. (See generally id.) Accordingly, the Court concludes that the issues common to the proposed class are significant and predominate over individual issues. See Villalpando v. Exel Direct Inc., 303 F.R.D. 588, 608 (N.D. Cal. 2014). As such, the predominance requirement is met.

*///*

*///*

### 2. Superiority

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023 (citation omitted). Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted). Here, there is no evidence that absent class members wish to pursue their claims individually. Moreover, any class member who wants to pursue an individual claim may elect not to participate in the settlement agreement. (Proposed Settlement ¶ 53.) Accordingly, the superiority requirement is met here.

For the foregoing reasons, Plaintiff has satisfied the requirements of Rule 23(b)(3). Thus, the Court grants preliminary certification to the proposed class. The Court, however, may review this finding at the final approval hearing.

## II. The Settlement

Rule 23(e) requires the Court to determine whether a proposed settlement is "'fundamentally fair, adequate, and reasonable.'" Staton, 327 F.3d at 959 (quoting Hanlon, 150 F.3d at 1026). To make this determination, the Court must consider a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. Id. In addition, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000) (citing Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1290 (9th Cir. 1992)).

Given that some of these factors cannot be fully assessed until the Court conducts the final approval hearing, "'a full fairness analysis is unnecessary at this stage.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citation omitted). Rather, at the

preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of a fairness hearing is appropriate. See 4 William B. Rubenstein et al., Newberg on Class Actions § 11:25 (4th ed. 2002) (citations omitted); see also Alberto, 252 F.R.D. at 666 (citation omitted). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." Seattle, 955 F.2d at 1276. Additionally, the Ninth Circuit favors deference to the "private consensual decision of the [settling] parties," particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party. See Rodriguez v. West Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009).

After reviewing the proposed settlement in light of the above factors and the current stage of the litigation, the Court concludes that preliminary approval is appropriate. The proposed settlement appears to be the result of serious, informed, and non-collusive negotiations. See, e.g., Tijero v. Aaron Bros., Inc., C 10-01089-SBA, 2013 WL 6700102, AT *8 (N.D. Cal. Dec. 19, 2013). After conducting discovery, the parties participated in an ENE, but were unable to reach a settlement agreement. (Doc. Nos. 8, 16-4, Konecky Decl. ¶ 11.) After settlement negotiations, an experienced mediator supervised a day-long mediation session, in which he proposed a settlement. (Doc. No. 16-4, Konecky Decl. ¶ 14.) Subsequently, the parties agreed to the proposal in light of the information gleaned from discovery that exposed the strengths and risks of continued litigation. (Id.) Class counsel has extensive experience in wage and hour class actions and represents that the settlement provides meaningful relief to the class. (Id. ¶ 3-6.) The estimated total value of benefits to the class is estimated to be $1,034,541, with each class member receiving a share proportional to the amount of weeks they worked. (Id. ¶ 18.) With an estimated 89 class members, the average settlement award is approximately $12,000. (Id.) Additionally members may opt out if they believe the settlement does not adequately compensate them, (Id. ¶ 53(f)), or dispute Defendant's records regarding the number of weeks each member

worked and provide contrary documentation. (Id. ¶ 53(d).)

The request for attorney's fees and costs of up to $583,333, is within the permissible range of acceptable attorneys' fees in Ninth Circuit cases. (Proposed Settlement ¶59); see also Vasquez v. Coast Valley Roofing, Inc., 266 F.R.D. 482, 491 (E.D. Cal. 2010) (noting that "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark"). Additionally, the proposed incentive awards for the named Plaintiff of $7,500 appears reasonable given his efforts in this litigation. (Proposed Settlement ¶ 58); see In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving incentive award of $5,000 to two plaintiff representatives of 5,400 potential class members in $1.75 million settlement, where incentive payment constituted only 0.57% of the settlement fund).

The parties may designate a *cy pres* recipient for this endowment so long as it qualifies as "the next best distribution" to giving the funds to class members. Dennis v. Kellogg Co., 697 F.3d 858, 865 (9th Cir. 2012). "There must be a driving nexus between the plaintiff class and the *cy pres* beneficiaries." Id. (citation omitted). As such, a *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class[.]" Id. (quotation marks and citations omitted). Here, the parties have selected Legal Aid at Work (LAAW) as a *cy pres* recipient of any residual remaining in the reserve fund. (Proposed Settlement ¶ 55.) This entity shares the objectives of the California Labor Code in protecting and providing legal representation for workers like the class members here. (Doc. No. 16-1 at 17.); see, e.g., Kempen v. Matheson Tri-Gas, Inc., No. 15-CV-00660-HSG, 2017 WL 475095, at *6 (N.D. Cal. Feb. 6, 2017) (approving of *cy pres* recipients because their respective roles in advocating for employee rights and researching employee issues were sufficiently connected to the goals of the plaintiff class of workers). Accordingly, there is an appropriate nexus between the designated *cy pres* and the plaintiff class.

For the foregoing reasons, the Court grants preliminary approval of the proposed

settlement. The Court, however, reserves judgment on the reasonableness of the attorneys' fees for the final approval hearing.

## III. Approving Class Notice

The class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In addition, the class notice must satisfy the content requirements of Rule 23(c)(2)(B), that provides the notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

### A. Content of the Notice

In the present case, the content of the notice is adequate. In clearly understandable language, it provides the following: a description of the lawsuit; a description of the settlement class; an explanation of the material elements of the settlement, a statement declaring that class members may exclude themselves from or object to the settlement; a description that explains how class members may exclude themselves from or object to the terms of the settlement; and a description of the fairness hearing. (See Doc. No. 16-5, Konecky Decl. Ex. 1 at Ex. A.)

### B. Method of Notice

The proposed method of notice is reasonable. Class members will receive individual notice by first class mail. (Proposed Settlement ¶ 53(a).) Additionally, any returned, non-delivered class notice will be re-mailed or delivered to the correct address if determinable. (Id. ¶ 53(b).) Class members who receive a re-mailed notice will have a ten-day extension

from the original response deadline. (Id.) Moreover, the class notice will include instructions on how to object to or opt out of the settlement. (Id. ¶ 53(c).)

After reviewing the content and the proposed method of providing notice, the Court determines that the notice is adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.

**IV. Scheduling Fairness Hearing**

The Court schedules the final approval hearing for **Monday, October 23, 2017**, at **10:30 a.m.** Defendant must provide an updated class list to the settlement administrator by **June 22, 2017**. Plaintiff must file a motion for attorneys' fees on or before **July 6, 2017**. The settlement administrator must mail class notices by **July 6, 2017**. Potential class members must return their claims or other responses by **August 21, 2017**. Plaintiff must file a motion for service awards on or before **September 25, 2017**. Plaintiff must file a motion for final approval of the settlement on or before **September 25, 2017**.

## Conclusion

The Court approves Plaintiff's request for provisional certification of the class for purposes of settlement, Plaintiff's request for preliminary approval of the proposed settlement, and the form and manner of the notice of the proposed settlement to the class members. Additionally, the Court sets the final approval hearing for **October 23, 2017**, at **10:30 a.m.** Plaintiff must file any motions for fee awards and incentive awards on or before **July 6, 2017**. Plaintiff must file a motion for final approval of the settlement on or before **September 25, 2017**.

**IT IS SO ORDERED.**

DATED: June 12, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT